United States District Court
Southern District of Texas
**ENTERED**
July 05, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| EVERARDO JARQUIN-JUAREZ, | § | |
|      Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:16-156 |
| | § | Criminal No. 1:12-75-1 |
| UNITED STATES OF AMERICA, | § | |
|      Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 29, 2016, Petitioner Everardo Jarquin-Juarez ("Jarquin-Juarez") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.  Jarquin-Juarez seeks relief pursuant to the retroactive application of a recent United States Supreme Court decision.  This is Jarquin-Juarez's second § 2255 petition and he failed to obtain authorization from the Fifth Circuit to file this petition.  Because that authorization is a necessary predicate to consideration of the claim in this Court, this Court lacks jurisdiction to consider Jarquin-Juarez's petition.  Accordingly, the Court recommends that Jarquin-Juarez's motion be transferred to the Fifth Circuit Court of Appeals – the Court with proper jurisdiction to consider the application – for determination as to whether authorization for a successive habeas petition should be granted.

## I. Procedural and Factual Background

### A. Indictment and Rearraignment

On January 31, 2012, a federal grand jury indicted Jarquin-Juarez for: (I) conspiracy to possess, with intent to distribute, less than 50 kilograms of marihuana, a violation of 21 U.S.C. § 846; (II) possession, with intent to distribute, less than 50 kilograms of marihuana, a violation of 21 U.S.C. 841 and 18 U.S.C. §2; and (III) being an illegal alien in possession of a firearm, a violation of 18 U.S.C. § 922.  U.S. v. Jarquin-Juarez, Criminal No. 1:12-75-1, Dkt. No. 5 (J. Hanen, presiding) (hereinafter "CR").

On March 2, 2012,  appearing before a United States Magistrate Judge, Jarquin-Juarez

entered guilty pleas to Counts II and III. CR Dkt. No. 12.  Jarquin-Juarez's written plea agreement and the plea colloquy confirm that Jarquin-Juarez understood that, as part of his plea and plea agreement – with limited exceptions, not applicable here – he was waiving his appellate rights. CR Dkt. No. 12, ¶ 11; CR Dkt. No. 26 at 14-15.

Paragraph 11 of the plea agreement provides:

11.  Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.**  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**.  If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 12, ¶ 11.

The plea colloquy establishes that Jarquin-Juarez understood that he was waiving his appellate rights.

[THE COURT]: Page number 4, paragraph number 11, the  agreement reads as follows. I told you we were going  to talk about your appellate rights in more detail, and this is where we're going to do that.  In paragraph number 11 of each one of your  agreements it states that you are aware that Title 18, United States Code, Section 3742 affords you the right to appeal the sentence imposed in this case. By entering into this agreement, you agree to waive and give up your right to appeal the sentence imposed or the manner in which it was determined on any grounds that  are set forth in Title 18, United States Code, Section 3742.

Additionally, it says that you are also aware that Title 28, United States Code, Section 2255 affords you the right to contest your conviction or sentence after the conviction or sentence has become final. Again, by entering into this agreement with the Government, you agree to waive your right to contest your conviction or sentence by means of any post-conviction proceedings, including but not limited to Title 28, United States Code, Section 2255.

What this means for the six of you is that you have given up all of your rights to appeal whatsoever, save and except any claims you might have against your attorneys for ineffective assistance of counsel or against the Government's attorneys for prosecutorial misconduct.

If you were to file an appeal in this case for any reason other than ineffective assistance of counsel or prosecutorial misconduct, your appeal will be dismissed because of this agreement. Do you understand that, Mr. Jarquin?

[JARQUIN-JUAREZ]: Yes.

[...]

[THE COURT]: Now, if the Court rejects this agreement, I want you to understand that the agreement between the six of you and the Government is still good. It's still valid. So that if you were to file an appeal under those circumstances, your appeal would still be dismissed because of this agreement. Do you understand that, Mr. Jarquin?

[JARQUIN-JUAREZ]: Yes.

[THE COURT]: Understanding that you're giving up your rights to appeal, save and except any claims you might have for ineffective assistance of counsel or prosecutorial misconduct, do you want the Court to accept this Plea Agreement? Mr. Jarquin?

[JARQUIN-JUAREZ]: That's correct, Your Honor.

CR Dkt. No. 26, pp. 15-19.

The Court then went to some length to explain all of Jarquin-Juarez other rights to him. CR Dkt. No. 26, pp. 5-7; pp. 17-18; pp. 28-32; pp. 32-39.  Having confirmed that he understood all of his rights, Jarquin-Juarez pled guilty to the charge of possessing marihuana with the intent to distribute it and to being an illegal alien in possession of a firearm. CR Dkt. No. 26, pp. 44-48.

The Magistrate Judge issued a report and recommendation that the District Court accept the guilty plea.  CR Dkt. No. 10.

### B. Sentencing

While Jarquin-Juarez was only charged and pled guilty to possessing with the intent to distribute less than 50 kilograms of marihuana, the presentence report determined that his relevant conduct involved 279.9 kilograms of marihuana.[1]  Based upon this relevant conduct, Jarquin-Juarez was assessed a base offense level of 26.  CR Dkt. No. 15, p. 7 (citing U.S.S.G. § 2D1.1(c)(7)).  In addition to the increased amount of marihuana, Jarquin-Juarez also was assessed a two-level enhancement for the use of a firearm in the commission of the offense; and a two-level enhancement for maintaining "a premise for the purpose of manufacturing or distributing a controlled substance." Id., pp. 7-8.  Finally, Jarquin-Juarez was also assessed a two-level enhancement for obstruction of justice. Id.  All of these various adjustments resulted in a total offense of level of 32. Id.  As discussed below, these enhancements had the practical effect of creating a Guidelines sentence that exceeded the statutory maximum for each offense.

Regarding his criminal history, Jarquin-Juarez had no criminal convictions, which resulted in a criminal history category of I. CR Dkt. No. 15, pp. 9.  The presentence report, based upon Jarquin-Juarez's offense level of 32 and criminal history category I, identified a guideline range of 121 to 151 months of imprisonment. Id., p. 12.

That Guideline range exceeded the maximum statutory sentence for both convictions, which was 60 months for possession with intent to distribute marihuana and 120 months for being an illegal alien in possession of a firearm.  Id., (citing 21 U.S.C. § 841(b)(1)(D) &  18 U.S.C. § 922(g)(5) and 924(a)(2)).  Accordingly, Jarquin-Juarez's Guideline sentence was

---

[1]  This determination of relevant conduct – made pursuant to U.S.S.G. § 2D1.1 – was based on an approximation of the total weight of marihuana that Jarquin-Juarez had shipped.  The probation officer noted that a total of $16,404.00 was seized from Jarquin-Juarez's home and that Jarquin-Juarez had admitted to earning $1,500 for every three boxes of marihuana that he shipped. CR Dkt. No. 15, p. 4.  The three boxes seized in connection with this offense equaled 25.4 kilograms of marihuana. Id.  Based on the amount of money that was seized, it was calculated that Jarquin-Juarez had completed a total of 10 prior shipments ($16,404/$1500). Id.  Including the current offense, that meant that Jarquin-Juarez had completed 11 shipments with an average of 25.4 kilograms of marihuana per shipment. Id.  This created a total weight of 279.9 kilograms (25.4 multiplied by 11). Id.

adjusted to reflect those statutory maximums. Id.

At sentencing, the Government moved that Jarquin-Juarez receive a three-level reduction for acceptance of responsibility, which the Court granted. CR Dkt. No. 20. With a new total offense level of 29 and a criminal history category of I, the Guideline range was 87 to 108 months. Id.

On June 19, 2012, the District Court sentenced Jarquin-Juarez to 60 months imprisonment for possession with intent to distribute marihuana and 90 months for being an illegal alien in possession of a firearm, to be served concurrently. CR Dkt. No. 19. For both convictions, Jarquin-Juarez was sentenced to separate three year terms of unsupervised release, to be served concurrently. Id. As to each count of conviction, the $100.00 special assessment was ordered remitted. Id. The remaining count of the indictment was dismissed. Id. The judgment was issued on June 22, 2012. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A)(I). Thus, Jarquin-Juarez's deadline for filing a notice of appeal passed on July 6, 2012, without an appeal being filed.

### C. First Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On April 1, 2013, Jarquin-Juarez timely filed his first § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Jarquin-Juarez v. U.S., Civil No. 1:13cv52, Dkt. No. 1 [hereafter "CV1"]. In that motion, Jarquin-Juarez alleged two grounds for relief. Id. First, Jarquin-Juarez sought a downward departure, based upon his willingness to accept a final deportation order. Second, Jarquin-Juarez asserted that his Equal Protection rights were being violated, because – as an illegal alien – he was ineligible for certain programs that would possibly reduce his sentence. Id.

On November 21, 2013, the Magistrate Judge issued a report and recommendation that the petition be dismissed on the grounds that Jarquin-Juarez had waived his right to file

the petition[2] and, in the alternative, denied because the underlying claims were meritless. CV1 Dkt. No. 17.   On May 14, 2014, the District Judge adopted the report and recommendation in full, denying the petition. CV1 Dkt. No. 20.

### D. Instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255

On June 29, 2016, Jarquin-Juarez filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.   In this motion, Jarquin-Juarez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act because he was subject to the residual clause that was struck down in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the Court clearly lacks jurisdiction to consider the petition, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Jarquin-Juarez seeks relief under 28 U.S.C. § 2255.   Dkt. No. 1, p. 1.   As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A second petition is barred under this rule, unless it has been certified by the court of appeals.   That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

---

[2] This waiver of appellate rights may bar Jarquin-Juarez from receiving any habeas relief relating to the instant offenses and convictions.

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the appeals] court has granted the petitioner permission to file one." U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

## III. Analysis

The dispositive questions in the current posture of Jarquin-Juarez's petition are what constitutes a successive petition and, in the event of a successive petition, does this Court have jurisdiction over such claims, without a prior order of the Circuit Court. As to the first, for the reasons discussed below, the instant petition is a successive petition. As to the second, this Court lacks jurisdiction over such claims without a prior order of the Circuit Court. Because Jarquin-Juarez has failed to demonstrate that he has obtained such an order, the Court lacks jurisdiction to consider the petition and the case should be transferred to the Fifth Circuit Court of Appeals.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition

must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting <u>Vasquez v. Parrott</u>, 318 F.3d 387, 390 (2d Cir. 2003)).  The instant petition attacks the same judgment of conviction as the first habeas petition filed by Jarquin-Juarez.  Under the broad rule of <u>Hardemon</u>, it is a successive petition.

Jarquin-Juarez argues that his petition is based on a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court. <u>Welch v. U.S.</u>, 136 S. Ct. 1257, 1268 (2016) ("<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review.").

As relevant here, it is clear that petitions premised upon "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)" constitute successive petitions. <u>Leal Garcia v. Quarterman</u>, 573 F.3d 214, 221 (5th Cir. 2009) (parentheses original).[3]  Indeed, the relevant statute categorizes a second habeas petition to be one based on new rules of constitutional law. <u>See</u> 28 U.S.C. § 2244(B)(2)(A) (stating that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

This holding does not prohibit Jarquin-Juarez from pursuing this claim.  In certain circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A).  In the absence of that authorization, the district court lacks jurisdiction to hear the case. <u>Key</u>, 205 F.3d at 774.  That is the case, here.

Jarquin-Juarez has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Jarquin-Juarez to file his claim in this Court.  Absent such an authorization, this Court lacks jurisdiction to hear Jarquin-Juarez's claim.  Thus, the Court is precluded from considering the merits of Jarquin-Juarez's claim.

---

[3] <u>Leal Garcia</u> was a § 2254 habeas case; the Fifth Circuit has held that the same "second or successive" analysis applies to both § 2254 and § 2255 petitioners. <u>In re Parker</u>, 575 F. App'x 415, 417 n. 2 (5th Cir. 2014) (unpubl.) (citing <u>In re Lampton</u>, 667 F.3d 585, 588 (5th Cir. 2012)).

In order to expedite consideration of Jarquin-Juarez's claims, the Court should transfer his petition to the Fifth Circuit Court of Appeals for consideration of whether he has made a <u>prima facie</u> case for habeas relief. <u>See</u> <u>In re Epps</u>, 127 F.3d 364, 364-65 (5th Cir. 1997) (discussing the procedure for transferring successive habeas petitions).  Jarquin-Juarez's claim is based on the Supreme Court's decision in <u>Johnson</u>. Dkt. No. 1.  Jarquin-Juarez must file his petition within one year of the Supreme Court's decision. 28 U.S.C. § 2255(f)(3). <u>Johnson</u> was decided on June 26, 2015. <u>Johnson</u>, 135 S. Ct. 2551.  If this Court dismissed Jarquin-Juarez's petition, there is a distinct possibility that any petitions filed in the Fifth Circuit would be untimely filed.  In order to avoid that scenario, the Court should transfer the petition to ensure that it is considered on its merits.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that Petitioner Everardo Jarquin-Juarez 's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **TRANSFERRED** to the Fifth Circuit for consideration as a successive habeas petition, pursuant to <u>In re Epps</u>, 127 F.3d 364, 364 (5th Cir. 1997).

**A. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 5, 2016.

Ronald G. Morgan
United States Magistrate Judge